# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

David L. Saunders

February 24, 2014

Case No. CR13-3006

By Judge Mary Jane Hall

The matter comes before the Court on Defendant's motion to suppress evidence seized by police in a warrantless search of his bedroom and his automobile. Having heard the evidence presented by the Commonwealth, as well as the argument and legal authority submitted by counsel, the Court overrules the motion.

## *Facts*

The events leading to Defendant's arrest began with a telephone call to the police by his mother. Norfolk Police Officer Elmer testified that he was dispatched to Mrs. Saunders' home on a "domestic" call, that she advised him when he arrived that she and her son had gotten into an argument over his refusal to pay rent, that he had a gun in the home, and that he was selling drugs out of the home. She admitted the officer into the residence and consented to a search. She led him down a corridor to a closed but not locked door that she identified as Defendant's bedroom. She opened the door and allowed the officer to enter. The officer observed bags of suspected marijuana in plain sight and called for narcotics detectives to come to the scene. The contraband recovered from Defendant's bedroom is the subject of the first aspect of the motion to suppress.

Mrs. Saunders pointed out her son's automobile parked in front of the house. Police testified that they ran a check of the license tags on the car to

determine that it was registered to Defendant. Detective Goins testified that, in his experience as a narcotics detective, persons selling drugs often use their vehicles for transportation and/or storage of the drugs. He summoned a narcotics detection canine team to the scene, and the dog alerted to the presence of drugs at the passenger door. Police made entry into the vehicle and conducted a warrantless search, finding additional quantities of marijuana. The materials recovered from the vehicle are the subject of the second aspect of the motion to suppress.

## A. *The Search of the Home*

Defendant argues that police knew immediately that he paid rent, based on his mother's description of their controversy, and, for that reason, they could not have reasonably concluded that his mother had the authority to permit police to search his living area. He argues that the various identification papers recovered from the bedroom, passport, work identification, etc., all indicate that he occupied the room; and nothing suggested that anyone other than he lived in the room. Therefore, only Defendant himself could have given valid consent to search.

The law plainly permits police to search a residence when somebody with authority to consent to that search has given it.

> Whether the basis for such authority exists is the sort of recurring factual question to which law enforcement officials must be expected to apply their judgment, and all the Fourth Amendment requires is that they answer it reasonably. The Constitution is no more violated when officers enter without a warrant because they reasonably (though erroneously) believe that the person who has consented to their entry is a resident of the premises, than it is violated when they enter without a warrant because they reasonably (though erroneously) believe they are in pursuit of a violent felon who is about to escape.

*Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990).

In this case, police were interacting with the citizen who called the police out of concern about a gun in her home. She greeted the police and admitted them into the residence which she claimed to be her own. She had access to Defendant's bedroom, which was not locked. She had the same last name as Defendant, which corroborated her claim that he was her son.

The single factor that should have caused police to doubt the mother's authority to consent, according to Defendant, was the reference to Defendant's rent obligation. A rent obligation should have suggested that he was a tenant with attendant privacy rights that could not be waived by a landlord.

Case law recognizes that the police should respond appropriately to circumstances suggesting that the person giving consent to search lacks that authority.

> [W]hat we hold today does not suggest that law enforcement officers may always accept a person's invitation to enter premises. Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. . . . Determination of consent to enter must "be judged against an objective standard: would the facts available to the officer at the moment 'warrant a man of reasonable caution in the belief' " that the consenting party had authority over the premises? If not, then warrantless entry without further inquiry is unlawful unless authority actually exists.

*Id.* at 188, quoting *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968).

The mother's use of the word "rent" in the setting of a family residence did not mandate the conclusion that Defendant had an independent estate in the premises over which his mother could exercise no authority. Grown children often chip in to pay household expenses, including rent, when their parents permit them to live under the same roof. If Defendant had been unrelated to Mrs. Saunders or if his bedroom had had a lock on the door, the police may have been required to make further inquiry; but mothers frequently have control over premises where their children reside, as the police certainly know.

The Court finds that the police reasonably concluded that Defendant's mother had the authority to consent to a search of her residence where she lived with her son. The Court denies the motion to suppress the evidence recovered from her son's room.

## B. *The Search of the Car*

Defendant challenges the existence of probable cause for bringing a narcotics detection canine team to the scene for the purposes of sniffing the air around a car registered to Defendant. This argument is without merit. "Reasonable and articulable suspicion is not required before the police may use a canine trained in drug detection to sniff the air about an enclosure believed to contain drugs." *Brown v. Commonwealth*, 15 Va. App. 1, 6, 421 S.E.2d 877, 880 (1992) (*citing United States v. Lovell*, 849 F.2d 910, 913 (5th Cir. 1988), and *United States v. Lewis*, 708 F.2d 1078, 1080 (6th Cir. 1983)).

The police had probable cause to search Defendant's car based on the alert from Duke, the trained narcotics detection dog. The motion to suppress the evidence recovered from the car is therefore denied.